RECEIVED
IN LAKE CHARLES, LA
JUN 17 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **BOBBY JOE STATUM**<br>**LA. DOC # 352453** | **CIVIL ACTION NO. 09-0347** |
| VS. | **SECTION P** |
| | **JUDGE TRIMBLE** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 on March 3, 2009, by attorney Mitchell M. Evans, II, on behalf of petitioner Bobby Joe Statum. Petitioner is an inmate in the custody of the Louisiana Department of Corrections. He is incarcerated at the Elayn Hunt Correctional Center, St. Gabriel, Louisiana.[1] Petitioner attacks his 2006 conviction for manslaughter and his subsequent adjudication as an habitual offender (La. R.S. 15:529.1) in the Thirty-Sixth Judicial District Court, Beauregard Parish, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. § 2244(d).

### *Background*

Counsel has provided little in the way of detail concerning the procedural history of his client's prosecution, conviction, and appeal. However, the facts alleged, along with the

---

[1] The original petition named Burl Cain, the Warden of the Louisiana State Penitentiary, Angola, Louisiana as respondent. However, according to the Louisiana Automated Victim Notification System - LAVNS, petitioner is currently incarcerated at the Elayn Hunt Correctional Center, St. Gabriel, Louisiana.

1

presumptively reliable published and unpublished case law related to petitioner establish the following relevant facts and chronology:

1. Petitioner was convicted of manslaughter on March 24, 2006. Doc. 1, ¶¶ 1-7. He was adjudicated a fourth felony habitual offender on July 21, 2006 and sentenced to life imprisonment without benefit of parole.[2]

2. Petitioner appealed his conviction to the Third Circuit Court of Appeals arguing (1) sufficiency of the evidence and (2) failure to permit recess/continuance in order for petitioner's expert witness to testify.[3]

3. On March 7, 2007 petitioner's conviction was affirmed in an unpublished opinion of the Third Circuit. *State v. Bobby Joe Statum*, 951 So.2d 522 (La. App. 3 Cir. 2007) (Table).

4. Petitioner's application for *certiorari* to the Louisiana Supreme Court was not considered because it was not timely filed. *State v. Bobby Joe Statum*, 959 So.2d 486 (La. 2007).

5. Petitioner did not file an Application for Post-Conviction Relief or any other petitions, applications or motions with respect to the judgment against him in either state or federal court. Doc. 1, ¶ 10. Nor are any petitions or appeals now pending in any state or federal court as to the judgment under attack. *Id.* ¶ 14.

6. Counsel filed the instant petition for writ of *habeas corpus* on March 3, 2009.

***Law and Analysis***

*1. Limitations – 28 U.S.C. §2244(d)(1)(A)*

---

[2] See "Procedural History," Unpublished Slip Opinion of the Third Circuit Court of Appeals, *State v. Bobby Joe Statum*, at http://www.la3circuit.org/opinions/2007/03/030707/06-1340np.pdf.

[3] See "Discussion," Unpublished Slip Opinion of the Third Circuit Court of Appeals, *State v. Bobby Joe Statum*, at http://www.la3circuit.org/opinions/2007/03/030707/06-1340np.pdf.

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the AEDPA, including its timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468-69 (5th Cir. 1999). According to the AEDPA, 28 U.S.C. § 2244(d)(1) provides a one-year statute of limitations for the filing of a petition for writ of *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A).[4]

The tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d at 472 (citing *Flanagan v. Johnson,* 154 F.3d 196, 199 n.1 (5th Cir. 1998)). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326, 328-29 (5th Cir. 1999).

Petitioner appealed his conviction to the Third Circuit Court of Appeals. On March 7, 2007, his conviction and sentence were affirmed. Petitioner did not timely seek further direct review in Louisiana's Supreme Court. Therefore his judgment of conviction for AEDPA purposes, "became final by the conclusion of direct review or the expiration of the time for seeking such review" under 28 U.S.C. § 2244(d)(1)(A) when the 30-day period for seeking

---

[4] Petitioner does not suggest, nor do the pleadings imply, that the period of limitation should be calculated based on any of the other events described in subsections (B), (C), or (D) of § 2244(d)(1).

further direct review pursuant to Louisiana Supreme Court Rule X, §5(a) expired, or, on or about April 10, 2007.[5]

Thereafter, petitioner had one year, or until April 10, 2008, to file his federal *habeas corpus* suit. Petitioner cannot rely on the statutory tolling provision of 28 U.S.C. § 2244(d)(2) because by his own admission, he did not file any pleadings or applications seeking collateral review of his conviction. Since more than one un-tolled year elapsed between the date petitioner's judgment of conviction became final (April 10, 2007) and the date he filed the instant petition (March 3, 2009), his claims are time-barred by the provisions of 28 U.S.C. §2244(d)(1)(A).

## 2. *Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). As recently noted by the Supreme Court, "To be

---

[5] Louisiana Supreme Court Rule X, §5(a) provides: "An application seeking to review a judgment of the court of appeal . . . shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal. . . ." Uniform Rules, Courts of Appeal Rule 2-16.4 provides, "In every case, one copy of the published or unpublished opinion, when rendered, shall be delivered or mailed to the trial judge, the clerk of the trial court, all appeal counsel of record, and all parties not represented by counsel." Since the Third Circuit's opinion was rendered on March 7, 2007, it is presumed that the Third Circuit followed its own rule and mailed the opinion to appellate counsel on that same day. The 30-day period of limitations prescribed by Rule X expired on Friday, April 7, 2007. Since the following days were legal holidays, the undersigned believes that the last day for filing would have been extended to Monday, April 10 and therefore that date has been determined to be the date of finality of judgment for the purposes of this Report.

4

entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 335, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 and n.8, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005)).

Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.

### *3. Conclusion and Recommendation*

In accordance with the foregoing, IT IS RECOMMENDED that this petition for *habeas corpus* be DENIED AND DISMISSED WITH PREJUDICE because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by

the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed in chambers in Lake Charles, Louisiana, this 16th day of June, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE